FILED

FEB 14 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO ALONSO GONZALES, | No. 12-55118 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02903-DSF-SP |
| v. | |
| ROBERT AYERS, Warden, official capacity, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| SCHUTZER, PHD Surgeon, official capacity; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 11, 2013[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Pedro Alonso Gonzales, a California state prisoner, appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging that defendants were deliberately indifferent to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. §§ 1915(e) and 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed Gonzales' action because Gonzales failed to show in his second amended complaint and its attachments that defendants acted with deliberate indifference to his serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004) ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."); *see also Wilhem v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (difference of opinion as to which medical course of action should be pursued does not give rise to a deliberate indifference claim).

**AFFIRMED**.

12-55118